<u>NOT FOR PUBLICATION</u>

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                          CAMDEN VICINAGE
```

SAMUEL HASLER,                    :     CIV. NO. 20-1164 (RMB)
                                  :
            Petitioner            :
                                  :
     v.                           :          **OPINION**
                                  :
WARDEN, FCI FORT DIX,             :
                                  :
            Respondent            :

BUMB, United States District Judge

   This matter comes before the Court upon Petitioner Samuel Hasler's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging the calculation of his sentence by the Bureau of Prisons ("BOP") (Pet., Dkt. No. 1); Petitioner's Motion to Amend (Mot. to Amend, Dkt. No. 4); Respondent's Answer to Petition for Writ of Habeas Corpus ("Answer") (Dkt. No. 5), Petitioner's Motion to Strike and/or Tender of Petitioner's Response to Respondent's Answer ("Mot. to Strike/Reply Brief," Dkt. No. 6); and Petitioner's Motion for Summary Judgment. (Mot. for Summ. J., Dkt. No. 7.) Petitioner alleges the Bureau of Prisons ("BOP") failed to award him prior custody credit for nine months and eight days that he spent housed in a Volunteers of America ("VOA") facility. (Pet., Dkt. No. 1-1 at 3-8.) For the reasons set forth below, the Court

will grant Petitioner's motion to amend and deny Petitioner's motion to strike and his motion for summary judgment.

I. BACKGROUND

    A. <u>Petitioner's Arrest, Conviction and Sentence</u>

On March 9, 2010, Petitioner was arrested by Immigrations and Customs Enforcement ("ICE") agents at the United States Courthouse in Indianapolis, Indiana for possession of child pornography, with charges filed in federal court under Docket No. 1:10CR00084-001. (Declaration of Dawn L. Giddings[1] ("Giddings Decl.") ¶5, Dkt. No. 5-2; Ex. A at 1, Dkt. No. 5-3 at 2; Ex. D at 1, Dkt. No. 5-3 at 13.) Petitioner was released the same day under conditions to "participate in [a] location monitoring program[] and abide by its requirements as the pretrial services officer or supervising officer instructs." (<u>Id.</u>, Ex. B, ¶(8)(s), Dkt. No. 5-3 at 6.) The release order specified that Petitioner participate in "VOA Incarceration," with "24-hour lockdown" at the Volunteers of America facility. (<u>Id.</u>, ¶8(s)(iii).) Petitioner left federal custody for the VOA program on March 9, 2010. (<u>Id.</u>, ¶7, Dkt. No. 5-2; Ex. A at 1, Dkt. No. 5-3 at 2.) On October 29, 2010, Petitioner pled guilty to transportation and possession of child pornography,

---

[1] Dawn L. Giddings is employed as a Correctional Programs Specialist with the United States Department of Justice, Federal Bureau of Prisons (BOP), Designations and Sentence Computation Center located in Grand Prairie, Texas. (Giddings Decl., ¶1, Dkt. No. 5-2.) She has reviewed Petitioner's file maintained by the BOP. (<u>Id.</u>, ¶3.)

and the district court sentenced him to an aggregate 151-month term of imprisonment. (Giddings Decl., Ex. D at 1-2, Dkt. No. 5-3 at 13-14.) The criminal judgment required Petitioner to voluntarily surrender for service of his sentence, and he surrendered at FCI Fort Dix on January 19, 2011. (Id., Ex. D at 2, Dkt. No. 5-3 at 14; Ex. E at 1, Dkt. No. 5-3 at 20.)

    B. Computation of Petitioner's Federal Sentence

The BOP calculated Petitioner's sentence by commencing his 151-month term of imprisonment on January 19, 2011, the date he surrendered for service of his federal sentence at FCI Fort Dix. (Giddings Decl. ¶15, Dkt. No. 5-2; Ex. E at 1, Dkt. No. 5-3 at 20; Ex. G at 1, Dkt. No. 5-3 at 26.) The BOP awarded Petitioner prior custody credit for March 9, 2010. (Id., ¶15, Dkt. No. 5-2; Ex. G at 2, Dkt. No. 5-3 at 27.) The BOP did not credit Petitioner for the time spent in pretrial supervision at the VOA facility, March 10, 2010 to January 18, 2011. (Id., Ex. G at 2, Dkt. No. 5-3 at 27.) If Petitioner receives the maximum possible good-conduct time, his projected release date from BOP custody is October 7, 2021. (Id.)

II. MOTION TO AMEND AND MOTION TO STRIKE

Prior to the date Respondent filed his answer to the habeas petition, Petitioner filed a motion to amend. (Mot. to Amend, Dkt. No. 4.) Petitioner's amendment is to his brief in support of his petition for writ of habeas corpus, rather than an amended

petition. Because there is no prejudice to Respondent, the Court grants Petitioner's motion to amend and will consider Petitioner's brief.

On June 22, 2020, Petitioner filed a motion to strike Respondent's answer as untimely. (Mot. to Strike/Reply Brief, Dkt. No. 6.) Petitioner may have been unaware of the District of New Jersey Standing Order No. 2020-4, IN RE: ADDITIONAL MEASURES DUE TO THE EXIGENT CIRCUMSTANCES, CREATED BY COVID-19, which provides:

> all filing and discovery deadlines in civil matters that currently fall between March 25, 2020 and April 30, 2020, are EXTENDED by forty-five (45) days, unless the presiding judge in an individual case directs otherwise after the date of this Order.

Respondent's answer, filed on June 4, 2020, was timely under Standing Order 2020-4. Therefore, the Court will deny Petitioner's motion to strike. The Court will consider Petitioner's reply brief, contained within his motion to strike.

III. MOTION FOR SUMMARY JUDGMENT ON HABEAS PETITION

    A.    Standard of Law

"'[T]he courts may fashion appropriate modes of procedure [for habeas proceedings under § 2241], by analogy to existing rules or otherwise in conformity with judicial usage.'" SECT 2254 Rule 12, Advisory Committee Notes (quoting Harris v. Nelson, 394 U.S. 286, 299 (1969). It is unnecessary to file a motion for summary judgment to obtain resolution on a petition for writ of habeas

corpus. Therefore, the Court will not require the parties to conform to the Local Civil Rule governing motions for summary judgment. See Local Civil Rule 56.1. Under 28 U.S.C. § 2241(c)(3), the Court has jurisdiction to grant a writ of habeas corpus if Petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."

In his motion for summary judgment, Petitioner seeks an evidentiary hearing and appointment of counsel. As discussed below, an evidentiary hearing is not required on Petitioner's assertion that he was under BOP control while housed at the VOA in Indianapolis, because Petitioner has not "alleged facts, that, if proved, would entitle him to relief." See Jacquet v. Warden Fort Dix FCI, 707 F. App'x 124, 127 (3d Cir. 2017) (quoting Zettlemoyer v. Fulcomer, 923 F.2d 284, 301 (3d Cir. 1991)). Petitioner has adeptly presented the facts and legal issues raised in his habeas petition. Therefore, the Court concludes that it is not in the interest of justice to appoint counsel under 18 U.S.C. § 3006A. See Reese v. Fulcomer, 946 F.2d 247, 264 (3d Cir. 1991) ("Courts have held, for example, that there was no abuse of a district court's discretion in failing to appoint counsel when no evidentiary hearing was required and … the petitioner had 'a good understanding of the issues and the ability to present forcefully and coherently his contentions'" (quoting La Mere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987)).

B.  <u>Law Governing Calculation of Federal Sentence</u>

The BOP has the exclusive authority to calculate a federal sentence. <u>United States v. Wilson</u>, 503 U.S. 329, 334-35 (1992). First, the BOP must determine when the federal sentence commenced and, second, whether the prisoner is entitled to prior custody credit. <u>Blood v. Bledsoe</u>, 648 F.3d 203, 207 (3d Cir. 2011). The commencement of a federal sentence is governed by 18 U.S.C. § 3585(a), which provides:

> A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

Prior custody credit is governed by 18 U.S.C. § 3585(b), which provides:

> [a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

C.   <u>Analysis</u>

The BOP awarded Petitioner prior custody credit for the time he spent in custody on the day of his arrest, March 9, 2010. (Giddings Decl. ¶15; Ex. G at 2, Dkt. No. 5-3 at 27.) The law is clear that Petitioner may not receive prior custody credit for time spent in a community corrections center while released on bail. In <u>Reno v. Koray</u>, the Supreme Court held that a defendant only enters "official detention'" within the meaning of § 3585(b) when he is "committed to the custody of the Attorney General; a defendant admitted to bail on restrictive conditions . . . is 'released.'" <u>Snyder v. Attorney Gen.</u>, 612 F. App'x 645, 646 (3d Cir. 2015) (quoting <u>Reno v. Koray</u>, 515 U.S. 50, 57 (1995)). The Supreme Court reasoned that Koray's time in a community corrections center while "released" on bail did not qualify as "official detention" under § 3585(b), because he was not subject to the BOP's control. <u>Id.</u> at 63-64.

In his brief in support of the petition, Petitioner distinguishes <u>Koray</u>. Petitioner contends that "anyone conditionally released under 18 U.S.C. § 3142(c) and charged with a crime under 18 U.S.C. 2252A or 2252 (as was Petitioner) must be placed on electronic monitoring." (Mot. to Amend, Dkt. No. 4 at 2.) Petitioner notes that he was not placed on electronic monitoring, and thus concludes that he was not released. (<u>Id.</u>) Petitioner argues,

> [b]y finding that Petitioner was not entitled to pretrial detention credit, Respondent relied on the fact of where Petitioner was detained rather than the fact the Petitioner was not placed on electronic monitoring. Therefore, Respondent relied on facts other than those clearly intended by Congress and, thus, the Respondent's action was arbitrary and capricious.

(Mot to Amend, Dkt. No. 6 at 3, citing <u>Koray</u>, 515 U.S. at 61).

Petitioner is mistaken in his assumption that a person charged with a crime under 18 U.S.C. §§ 2252A or 2252, if conditionally released under 18 U.S.C. § 3142(c), must be placed on electronic monitoring. As a condition of release, the statute requires electronic monitoring "at a minimum." 18 U.S.C. § 3142(c)(B). Petitioner's release order placed greater restrictions on him than electronic monitoring; Petitioner was placed in 24-hour lockdown in a VOA facility. (Giddings Decl., Ex. B, ¶(8)(s)(iii), Dkt. No. 5-3 at 6.)

In his reply brief, Petitioner further argues that it was the district court's intention to keep him in detention, as required by 18 U.S.C. § 3142(e)(3)(E). (Mot. to Strike/Reply Brief, Dkt. No. 6 at 3.) Accordingly, he challenges Respondent's reliance on the court's release order for the conclusion that he was released from BOP custody. However, the pretrial release order demonstrates that, for the time period at issue, Petitioner was released subject to the specified conditions. (Giddings Decl., Ex. B, Dkt. No. 5-3 at 6.) This is evidenced by the order's compliance

with the requirements for release under 18 U.S.C. § 3142(h). Petitioner suggests that the Court should interpret the order as a detention order because he was charged with a sex offense and there is a presumption for detention under those circumstances, but the order does not conform to the requirements of a detention order under 18 U.S.C. § 3142(i). Moreover, the Court notes that 18 U.S.C. § 3142(e)(3)(E), creates only a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" for a person charged under 18 U.S.C. §§ 2252 and 2252A. It is obvious from the court's release order that Petitioner was able to rebut the presumption and, thus, was not detained under 18 U.S.C. § 3142(e)(3)(E). (Giddings Decl., Ex. B, Dkt. No. 5-3 at 6.) Therefore, the BOP did not err in determining Petitioner was released rather than detained, for purposes of pretrial custody credit under 18 U.S.C. § 3585(b).

Petitioner also points to Respondent's failure to submit any evidence to prove that the BOP did not control the VOA facility. It is Petitioner's burden to demonstrate his right to habeas relief. See Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007) (finding that Petitioner failed to demonstrate his right to habeas relief custody credit against his federal sentence). Petitioner's affidavit (Dkt. No. 6 at 6), stating that others incarcerated in the Indianapolis VOA were federal inmates serving their time on

re-entry; that he was instructed on the BOP's disciplinary rules and notified that his behavior must conform to those rules; that he was not free to leave the VOA; and that there was a person known to be serving his sentence on a federal misdemeanor at the VOA facility, fails to establish that Petitioner remained in BOP custody because the VOA facility houses federal prisoners and pretrial detainees who are not in BOP custody. According to the VOA Ohio and Indiana website,[2] of which the Court takes judicial notice pursuant to Federal Rule of Evidence 201,[3] "Indianapolis - Brandon Hall is a 95 bed work-release center for previously incarcerated men and women. Referrals are received from the Federal Bureau of Prisons. Residents are required to maintain employment and follow court orders/restrictions."

18 U.S.C. § 3624(c)(1) requires the BOP

> to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

---

[2]  Available at https://www.voaohin.org/residential-reentry.

[3]  Federal Rule of Evidence 201(b)(2) provides, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Further, pursuant to 18 U.S.C. § 3624(c)(2)(B) "a prisoner placed in prerelease custody pursuant to this subsection who is placed at a residential reentry center shall be subject to such conditions as the Director of the Bureau of Prisons determines appropriate." No doubt, there were persons at the VOA in Indianapolis who were in prerelease custody under 18 U.S.C. § 3624(c)(2)(B). Petitioner, however, was subject to the terms of his order of pretrial release, which differs from prerelease custody by the BOP for the final portion of service of a federal sentence. Thus, even accepting Petitioner's affidavit as true, Petitioner has not established that the BOP controlled his detention in the VOA in Indianapolis.

The reasoning by the U.S. Supreme Court in Koray is applicable here. "'Credit for time spent in 'official detention' under § 3585(b) is available only to those defendants who were detained in a 'penal or correctional facility' ... and who were subject to the BOP's control.'") West v. Warden Fort Dix FCI, 740 F. App'x 237, 238 (3d Cir. 2018) (quoting Koray, 515 U.S. at 58.) The BOP calculated Petitioner's sentence based on the proper conclusion that Petitioner was not in "official detention," because the Supreme Court in Koray held that "time … spent at the Volunteers of America community treatment center while "released" on bail pursuant to the Bail Reform Act of 1984 was not "official detention" within the meaning of 18 U.S.C. § 3585(b)." 515 U.S. at 65.

IV. CONCLUSION

For the reasons described above, the Court will grant the motion to amend, deny the motion to strike, and deny Petitioner's motion for summary judgment on the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.

An appropriate Order follows.


Date: **December 7, 2020**               s/Renée Marie Bumb
                                         **RENÉE MARIE BUMB**
                                         **UNITED STATES DISTRICT JUDGE**